# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNA L. SPENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07cv0906 |
| | ) | |
| BROWNSVILLE AREA SCHOOL DISTRICT, INTERMEDIATE UNIT 1, AND SCHOOL POLICE OFFICER LAZER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

November 26, 2007

Presently before the Court for disposition is the MOTION TO DISMISS, with brief in support, filed by Defendant Intermediate Unit 1 (*Document Nos. 5 and 6, respectively*), and the RESPONSE IN OPPOSITION and MEMORANDUM OF POINTS AND AUTHORITIES filed by Plaintiff, Shanna L. Spence (*Document Nos. 9 and 10, respectively*). For the reasons that follow, the Motion will be granted and this case will be dismissed in its entirety.

The Complaint sets forth in relevant part the following: "at all times mentioned herein, Plaintiff, born June 27, 1987, and during the years 1992 up to approximately 2004, was a student enrolled with the Fayette County Brownsville Area School District . . . ." The Complaint further sets forth that "[i]n the year 1999, while attending junior high school" Plaintiff was "immediately expelled from school and thereafter forced to attend an Intermediate Unit 1, (IU) school known as 'Fay-Con'." Plaintiff alleges that while at IU she became the "victim of harassment and untoward behavior by School Security officer Lazer."

Plaintiff further alleges that upon her "returning to her regular school, [she] became the victim of constant monitoring and harassment by her regular school vice principal." In approximately 2004, prior to entering the 11th grade, Plaintiff dropped out of school.

In Pennsylvania, the minority tolling statute provides that when an individual is a minor at the time his or her cause of action accrues, the period of minority will not be deemed a portion of the time period within which the action must be commenced. In such cases, the statute of limitations begins to run on the date the individual attains the age of majority, 18 years of age. 42 Pa.C.S. § 5533(b)(1)(i)-(ii).

Additionally, the statute of limitations for the purpose of 42 U.S.C. § 1983 in Pennsylvania is two (2) years.

Plaintiff was born on June 27, 1987, and attained eighteen (18) years of age on June 27, 2005. Therefore, the statute of limitations began to run on Plaintiff's claim on June 27, 2005. She had until 11:59 p.m. on June 27, 2007 to file her claim(s) under 42 U.S.C. § 1983.

At 12:43 P.M. on June 28, 2007, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis, to which the instant Complaint was attached. Such filing was one day <u>after</u> the statute of limitations had expired. The motion was granted on June 29, 2007, and the Complaint immediately filed.

Plaintiff argues that the statute of limitations period was tolled because she timely filed a state court lawsuit against the same defendants as named in the instant lawsuit, by praecipe for writ of summons on June 26, 2007. *See Spence v. Intermediate Unit 1, et al.*, Court of Common Pleas, Fayette County, No. 2007-01650. Plaintiff contends that "[g]enerally, compliance with Pennsylvania procedural rule satisfies the tolling requirement in cases

removed to this federal court." Memorandum of Points, at 2 (emphasis added).

While Plaintiff's argument generally may be correct, there is a fatal flaw as applied to this case. Simply put, Plaintiff's Pennsylvania state lawsuit was not removed to this federal court. Rather, this federal lawsuit was commenced on June 28, 2007, by the filing of a Motion for Leave to Proceed In Forma Pauperis, to which the instant Complaint was attached.

By case law, the United States Court of Appeals for the Third Circuit permits defendants to raise the statute of limitations as a defense by way of a Motion to Dismiss under Rule 12(b)(6) if the time-bar is apparent on the face of the complaint. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). In this matter, construing the facts in a light most favorable to Plaintiff, the Court finds and rules that the instant Motion for Leave to Proceed In Forma Pauperis, with Complaint attached, was untimely filed and, therefore, shall be dismissed.

Furthermore, it is within the Court's discretion to dismiss the Complaint in its entirety even though the motion has been filed on behalf of only one defendant. At this time, the docket reflects that service has only been effected as to one defendant, Intermediate Unit 1. However, the Court finds and rules that the same statute of limitations defense is applicable to all named defendants in this action. Therefore, in the interest of judicial economy, the Court will dismiss this case in its entirety.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNA L. SPENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07cv0906 |
| | ) | |
| BROWNSVILLE AREA SCHOOL DISTRICT, INTERMEDIATE UNIT 1, AND SCHOOL POLICE OFFICER LAZER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 26th day of November, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss filed by Defendant Intermediate Unit 1 is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge


cc: Herbert A. Terrell, Esquire
Email: haterrell@justice.com

Paul D. Krepps, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: pdkrepps@mdwcg.com